## CIRCUIT COURT OF FAIRFAX COUNTY

P. M. Palumbo, Jr., M.D., Inc.

v.

Dean R. Bennett

January 22, 1990

Case No. (Chancery) 112943

By JUDGE LEWIS HALL GRIFFITH

This matter came before the Court on the defendant's Demurrer to the Bill of Complaint seeking injunctive relief. For the reasons stated below, the Demurrer is sustained.

According to the Bill of Complaint and the exhibits attached thereto, the allegations of which will be taken as true for the purposes of this motion, the plaintiff, P. M. Palumbo, Jr., M.D., Inc. (Palumbo) and the defendant, Dean R. Bennett, M.D. (Bennett), entered into a contract on August 23, 1985. The contract provided that Bennett would perform services for Palumbo as an orthopedic surgeon. On June 30, 1989, Bennett terminated his services with Palumbo. It is alleged that after quitting, Bennett breached a number of restrictive covenants contained in the contract, including a covenant not to compete. Palumbo brought this action to enforce the contract. Bennett demurred on several grounds, including an assertion that the contract is illegal and unenforceable. As that issue is dispositive, it is the only count of the Demurrer which will be addressed.

At issue is whether the contract between the parties is inconsistent with the requirements of Va. Code § 13.1-546 (1950) and therefore illegal. That statute reads in part:

No corporation organized and incorporated under this chapter may render professional services

except through its officers, employees, and agents who are duly licensed or otherwise legally authorized to render such professional services within this Commonwealth.

Bennett argues that the contract employed him as an independent contractor and is illegal because an independent contractor is not an officer, employee, or agent which can legally render services for Palumbo.

Palumbo argues that the primary intent of the statute is to insure that all persons rendering services for a professional corporation are duly authorized to do so. Palumbo does not appear to dispute that Bennett was an independent contractor but does argue that the statute was not intended to exclude independent contractors from rendering services.

As a rule of statutory construction, terms of art and words of known legal import are to be construed in their technical sense unless a manifest intention to do otherwise appears. *Price v. Harrison*, 72 Va. (31 Gratt.) 114 (1878). The words "officer," "employee" and "agent" are all terms of art with specific technical meanings. These are the meanings by which § 13.1-546 will be construed.

"Employee" has a meaning which is distinct from and exclusive of "independent contractor." An independent contractor is not an employee. While one's status as an independent contractor is typically a question of fact for a jury, it may be decided by the Court as a matter of law where the evidence admits of only one conclusion. *Hadeed v. Medic-24, Ltd.*, 237 Va. 277, 377 S.E.2d 589 (1989). In this case, Palumbo does not appear to dispute the fact that Bennett was an independent contractor. In addition, the contract itself clearly shows that it was intended as an independent contractor contract. It states in paragraph 2:

> *Relationship of Parties.* The Contract Physician is performing services for the corporation as an independent contractor and not as an employee. The Corporation is interested in the results to be achieved, and the conduct and control of the services will lie solely with the Contract Physician. The Contract Physician shall not

be considered an agent, employee, or partner of the Corporation for any purpose. The Contract Physician is not entitled to any of the benefits that the Corporation provides for its employees.

Complainant's Exhibit 1, p. 2.

The contract is also specifically entitled "Independent Contractor Agreement."

The Court finds as a matter of law that Bennett was hired to render services for a professional corporation as an independent contractor.

There is no contention that Bennett is an officer of the plaintiff corporation and the contract specifically states that Bennett is not Palumbo's agent.

The contract provides for services to be rendered as an independent contractor. This is in violation of the statutory requirement that services only be rendered by officers, employees, and agents. A contract made in violation of a police statute enacted for the public protection is void and there can be no recovery thereon. *Bowen Electrical Co. v. Foley*, 194 Va. 92, 72 S.E.2d 388 (1952).

The contract is unenforceable, and the defendant's demurrer is sustained.